# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ROSALES, | CASE NO. 1:10-cv-00886-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR LACK OF JURISDICTION |
| v. | |
| NEIL H. ADLER, | |
| Defendant. | |

On May 18, 2010, Plaintiff Fernando Rosales ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. Plaintiff's complaint alleges claims of Eighth Amendment deliberate indifference to medical need due to his hernia. Pl. Compl. at 3-5, Doc. 1. Plaintiff seeks injunctive relief from Defendant, who was employed by Taft Correctional Institution, which is owned and operated by a private company. *Id.* at 2 & 7.

The United States Supreme court recently held that a *Bivens* remedy is not available to a prisoner seeking relief against the employees of a private prison. In *Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (Jan. 10, 2012), the Supreme Court held:

> [W]here . . . a federal prisoner seeks [relief] from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* As in *Minneci*, Plaintiff alleges Eighth Amendment claims; seeks relief from Defendant employee of a private prison; and has an alternate remedy under state tort law.

The federal courts are courts of limited jurisdiction, and, where a court determines that it lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Therefore, in accordance with *Minneci*, this Court lacks jurisdiction to decide a *Bivens* claim against Defendant employed by a private prison and dismissal is warranted.

> Regrettably, questions of convenience or efficiency can play no role in our decision. Harsh as a [dismissal] at this stage of the litigation may seem, we are constrained by statute and Supreme Court precedent. Jurisdiction is not a question of equity: "Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another." *Sheldon v. Sill*, 49 U.S. 441, 449 (1850); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (court lacking jurisdiction to hear a case may not reach the merits even if acting "in the interest of justice"); *The Wellness Cmty. v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995) ("Parties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, but this does not override the important principle that the federal courts are courts of limited jurisdiction.").

*See Breed v. Hughes Aircraft Co.*, 253 F.3d 1173 (9th Cir. 2001).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED, for lack of jurisdiction; and

2. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   February 24, 2012

UNITED STATES MAGISTRATE JUDGE